# NO. 12-23-00048-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AARON LAMBERT SLOAN A/K/A AARON LAMBERT SLOAN, JR., APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *OPINION*

Aaron Lambert Sloan a/k/a Aaron Lambert Sloan, Jr. appeals his conviction for felony theft. In one issue, Appellant argues that the trial court erred in ordering that he pay a fine and court costs without conducting an "ability-to-pay" inquiry on the record. We affirm.

## BACKGROUND

Appellant was charged by indictment with theft, following two prior convictions of theft. The indictment further alleged that Appellant previously was convicted of six felonies. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged. At his trial on punishment, Appellant pleaded "true" to five of the six enhancement allegations. Ultimately, the jury found those five enhancement allegations to be "true" and assessed Appellant's punishment at imprisonment for twenty years and a six-hundred dollar fine. The trial court sentenced Appellant accordingly and assessed court costs against him. This appeal followed.

## ON-RECORD INQUIRY ABOUT INABILITY IMMEDIATELY TO PAY COURT COSTS AND FINES

In his sole issue, Appellant argues that the trial court abused its discretion by failing to conduct an on-the-record ability-to-pay inquiry with regard to the fine and assessed court costs.

Texas Code of Criminal Procedure, Article 42.15(a-1) sets forth, in pertinent part, as follows:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (West Supp. 2022) (emphasis added). Appellant argues that the "on the record" language, which was added by amendment effective September 1, 2021, prohibits this court from utilizing a longstanding presumption of regularity[1] that such an inquiry of his inability immediately to pay such fine and costs was conducted off the record and, which in turn, would have required him to present evidence supporting that no such inquiry had taken place to rebut the presumption. *See, e.g.*, **Ferguson v. State**, No. 06-22-00043-CR, 2022 WL 4180471, at *2 (Tex. App.–Texarkana Sept. 13, 2022, no pet.) (mem. op., not designated for publication).

In support of his proposition, Appellant cites **Cruz v. State**, No. 14-21-00454-CR, 2023 WL 3236888, at *2–3 (Tex. App.–Houston [14th Dist.] May 4, 2023, no pet.) (op., not released for publication) (holding presumption of regularity no longer applicable due to amendment requiring that inquiry be conducted *on the record* and that such right must be implemented by system unless waived by defendant). As a result, Appellant requests that, because the trial court failed to conduct the mandated inquiry on the record, we should remand the cause to the trial court so that such an inquiry may be undertaken.

However, even if we assume arguendo that the trial court abused its discretion, abating this appeal and remanding the cause to the trial court only is appropriate if the trial court's erroneous action, failure, or refusal to act prevents the proper presentation of the case to this court and the trial court can correct its action or failure to act. *See* TEX. R. APP. P. 44.4(a). This rule allows for the creation of a new record on remand in certain situations. *See* **LaPointe v. State**, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007). When a trial court erroneously has withheld information necessary to evaluate a defendant's claim on appeal, e.g., failure to file

---

[1] This presumption of regularity arises from an oft-used recital in the judgment that such an inquiry occurred. *See, e.g.*, **Ferguson v. State**, No. 06-22-00043-CR, 2022 WL 4180471, at *2 (Tex. App.–Texarkana Sept. 13, 2022, no pet.) (mem. op., not designated for publication).

required findings of fact, or has prevented the defendant from submitting information necessary to evaluate his claim, e.g., refusing to permit an offer of proof, the appellate court is directed to step in and order the trial court to correct the situation. *See id.*

Here, Appellant's sole contention on appeal is that an ability-to-pay inquiry did not happen on the record. Appellant does not allege, for instance, that the trial court's failure strictly to comply with the statute prevented him from raising and developing a claim on appeal. Indeed, even in light of the trial court's failure to conduct the on-the-record inquiry mandated by Article 42.15(a-1), the result of such an inquiry, had it occurred, already is apparent from the record.

Specifically, the trial court's judgment sets forth that "[u]pon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or make arrangements to pay any fines, court costs, reimbursement fees, and restitution due." Appellant's argument on appeal focuses on the first portion of Article 42.14(a-1). But he makes no mention in his brief of the remaining portion of the statute, which states, in pertinent part, "If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be[,]" among other options, "required to be paid at some later date[.]" TEX. CODE CRIM. PROC. ANN. art 42.15(a-1)(1). Thus, because the trial court ordered (consistent with Article 42.15(a-1)(1)) that Appellant's payment of his fine and court costs was not required to be made until he is released from confinement, it is apparent from the record that, despite its failure to conduct an on-record inquiry about Appellant's ability immediately to pay his fine and court costs, it must have determined that Appellant did not have sufficient resources or income immediately to pay all or part of the fine and costs. *See id.* art. 42.15(a-1)(1). And because Appellant has not argued that the trial court's determination that he should pay the fine and court costs at some later date, as opposed to the other options available to it under Article 42.15(a-1)(1), amounted to an abuse of discretion, we hold that remanding the cause for a gratuitous inquiry when the resultant determination already is apparent from the record would amount to an unnecessary exercise and a waste of judicial resources.[2] Appellant's sole issue is overruled.

---

[2] Even if Appellant disagrees with the trial court's "pay later" determination, he is not harmed by his failure to raise it on appeal. If, upon his release, Appellant is unable to pay the fine and court costs, he can seek relief from the trial court at that time. *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(a), (c) (West Supp. 2022) (if defendant notifies court that he has difficulty paying fine and costs in compliance with court's judgment, court shall hold

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

hearing to determine whether that portion of judgment imposes undue hardship on him; and, if it determines that such undue hardship exists, court shall consider whether fine and costs should be satisfied through one or more methods listed under Texas Code of Criminal Procedure, Article 42.15 (a-1)).  The trial court retains jurisdiction for the purposes of making such a determination.  *See **id.*** art. 43.035(e).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### AUGUST 31, 2023

### NO. 12-23-00048-CR

**AARON LAMBERT SLOAN A/K/A AARON LAMBERT SLOAN, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 22CR-189)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*